IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORINE THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:16-CV-1950-C (BH) |
| | § | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this social security case has been automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.  Based on the relevant filings and applicable law, this case should be dismissed for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The plaintiff filed this case on July 1, 2016, to appeal the decision of the Commissioner of the Social Security Administration.  (doc. 3.)  After the Commissioner answered, the Court entered a scheduling order setting a deadline of October 20, 2016, for the filing of the plaintiff's brief.  (docs. 12, 16.)  The plaintiff did not timely file her brief.  On February 6, 2017, the Court entered an order setting a deadline of February 20, 2017, for the plaintiff to either file her brief or show cause in writing why she failed to timely file it.  (doc. 18.)  The order explained that if the plaintiff failed to comply, her case was subject to *sua sponte* dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order.  (*Id.*)  The plaintiff failed to file her brief or to show cause by February 20, 2017, and she has not filed anything else in the case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

As of the date of this order, the plaintiff has still not filed her brief, shown good cause in writing why she failed to timely file it, or filed anything else in this case. The show cause order specifically warned that failure to comply so could result in dismissal of this action without further notice.  Because she failed to follow a court order or otherwise show that she intends to proceed with this case, the case is subject to dismissal for failure to prosecute or follow orders of the court.

## III.  RECOMMENDATION

This case should dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her brief or shows cause for her failure to timely file it within the fourteen-day period for objecting to this recommendation, or by some other deadline set by the Court.

**SO ORDERED** on this 27th day of February, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                  IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE